**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT COURT OF KENTUCKY**
**PADUCAH DIVISION**
**Case No. 5:08-cr-00017-TBR-2**

UNITED STATES OF AMERICA                                                                          PLAINTIFF

v.

LORANDUS STONE, JR.                                                                                  DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant Lorandus Stone's *pro se* Motion for Compassionate Release. [DN 109]. The government has responded. [DN 111]. As such, this matter is ripe for adjudication. For the following reasons, **IT IS HEREBY ORDERED** that Defendant's Motion for Compassionate Release [DN 109] is **DENIED**.

### I. Background

On May 13, 2008 Stone was indicted in a five count indictment for: 1) Conspiracy to Possess with Intent to Distribute Cocaine Base, a Schedule II Controlled Substance; 2) Aiding and Abetting the Distribution of Cocaine Base, a Schedule II Controlled Substance; 3) Aiding and Abetting Possession with Intent to Distribute a Mixture or Substance Containing a Detectable Amount of Cocaine, a Schedule II Controlled Substance; 4) Aiding and Abetting Possession with Intent to Distribute a Mixture or Substance Containing Heroin, a Schedule I Controlled Substance; and 5) Possession of a Firearm by a Convicted Felon.

On July 15, 2009, Stone pleaded guilty to all counts. [DN 53]. Stone was sentenced on December 16, 2009 to 210 months imprisonment. [DN 72].

### II. Legal Standard

"The First Step Act modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3852, such that district courts may entertain motions filed by incarcerated defendants seeking to reduce their sentences." *United States of America v. D-1 Duwane Hayes*, No. 16-20491, 2020 WL 7767946, at *1 (E.D. Mich. Dec. 30, 2020) (citing *United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020)). "Now, an imprisoned person may file a motion for compassionate release after (1) exhausting the BOP's administrative process; or (2) thirty days after the warden received the compassionate release request—whichever is earlier." *Jones*, 980 F.3d at 1105 (citing First Step Act of 2018, Pub. L. 115-391, Title VI, § 603(b), 132 Stat. 5194, 5239; 18 U.S.C. § 3582(c)(1)(A) (2020)).

In considering a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A), a district court must proceed through three steps of analysis. *United States v. Elias*, No. 20-3654, 2021 WL 50169, at *1 (6th Cir. Jan. 6, 2021) (citing *Jones*, 980 F.3d at 1101). At step one, "the court must 'find' that 'extraordinary and compelling reasons warrant a sentence reduction.'" *Id.* (citing *Jones*, 980 F.3d at 1101). In step two, the court must "ensure 'that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* (citing *Jones*, 980 F.3d at 1101). Although the Sentencing Commission's policy statement on reductions in terms of imprisonment under 18 U.S.C. § 3582(c)(1)(A) is recited at U.S.S.G. § 1B1.13, "the Commission has not updated § 1B1.13 since the First Step Act's passage in December 2018 ... [and] the policy statement does not wholly survive the First Step Act's promulgation." *Jones*, 980 F.3d at 1109 (citing U.S.S.G. § 1B1.13 (U.S. Sent'g Comm'n 2018)). Consequently, the Sixth Circuit in *Jones* decided that "[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a §

3582(c)(1)(A) motion." *Id.* Thus, for now, district courts need not ensure that their ideas of extraordinary and compelling reasons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) are consistent with the Sentencing Commission's idea of extraordinary and compelling reasons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) as currently reflected at U.S.S.G. § 1B1.13.

Despite the Sixth Circuit's holding in *Jones*, this Court agrees with the United States District Court for the Eastern District of Kentucky in stating that "[w]hile the policy statement found in U.S.S.G. § 1B1.13 of the Sentencing Guidelines is not binding, it provides a useful starting point to determine whether extraordinary and compelling reasons exist." *United States v. Muncy*, No. 6: 07-090-DCR, 2020 WL 7774903, at *1 (E.D. Ky. Dec. 30, 2020). The application notes to § 1B1.13 provide that extraordinary and compelling reasons for a reduction in terms of imprisonment include certain medical conditions, age of the defendant, family circumstances, and other reasons as determined by the Bureau of Prisons. U.S.S.G. § 1B1.13 cmt. n.1. Specific medical conditions of a defendant constituting extraordinary and compelling reasons for a reduction in terms of imprisonment may include "terminal illness," "a serious physical or medical condition," "a serious functional or cognitive impairment," or "deteriorating physical or mental health because of the aging process." *Id.* The application note to U.S.S.G. § 1B1.13 further provides that the age of a defendant may be a necessary and compelling reason for a reduction in terms of imprisonment when "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." *Id.*

After considering whether extraordinary and compelling reasons warrant a sentence reduction and whether such a reduction is consistent with applicable policy statements issued by

the Sentencing Commission, the district court proceeds to the third and final step of the analysis. If a reduction is warranted under steps one and two, at step three, the court is to consider whether that reduction is defensible under the circumstances of the case by considering any relevant factors of 18 U.S.C. § 3553(a). *Elias*, 2021 WL 50169, at *1 (citing *Jones*, 980 F.3d at 1101); *Jones*, 980 F.3d at 1108.

### III. Discussion

#### A. Exhaustion of Remedies

"Federal law has long authorized courts to reduce the sentences of federal prisoners facing extraordinary health conditions and other serious hardships, but only under very limited circumstances." *United States v. Beck*, —— F.Supp.3d ——,2019 WL 2716505, at *4 (M.D.N.C. June 28, 2019). Under the First Step Act, courts are now permitted to "consider motions by defendants for compassionate release without a motion" by the BOP Director "so long as the defendant has asked the Director to bring such a motion and the Director fails to or refuses." *Marshall,* 2020 WL 114437, at *1 (W.D. Ky. Jan. 9, 2020).

Here, Stone has exhausted his administrative remedies. In its brief, the government stated Stone requested compassionate release on November 19, 2020. The Warden responded and denied Stone's request. Stone then filed the present motion on January 11, 2021.

#### B. Extraordinary and Compelling Reasons

Stone argues he has shown extraordinary and compelling reasons due to his health conditions and the Covid-19 pandemic. The government argues Stone has not shown any particularized risk that is not common to other inmates. Stone states he has an enlarged heart, morbid obesity, hypertension, cellulitis, Vitamin D deficiency, and depression.

The provided medical records confirm most of Stone's conditions: Vitamin D deficiency, obesity, recurrent cellulitis, and hypertension. [DN 113-4 at PageID 470-478]. The medical records make no mention of an enlarged heart or depression. The Centers for Disease Control ("CDC") has stated those that are immunocompromised or have hypertension *might* be at an increased risk for severe illness from Covid-19.[1] Those that are obese are at an increased risk of severe illness.[2]

Stone argues he has been refused proper medical treatment at FMC Rochester. However, the medical records show Stone has been seen by multiple doctors throughout the pandemic for a variety of issues. [*See generally id.*] Most recently, Stone was seen on January 12, 2021 for back pain. [*Id.* at PageID 456]. The next day Stone had imaging done at the Mayo Clinic. [*Id.* at PageID 488]. There is no indication other than Stone's bare assertion that FMC Rochester has refused to provide him with the necessary medical attention. "It appears that [Stone's] health conditions are being monitored and he is receiving medical care as needed." *United States v. Calloway,* 2021 WL 40270 *4 (W.D. Ky. Jan. 5, 2021) (citing *United States v. Lake,* 2019 WL 4143293 (E.D. Ky. Aug. 30, 2019)).

When Stone filed his motion, he stated there were 148 active cases of Covid-19. Thankfully, that number has decreased to three inmates and one staff member.[3] Rochester has gained control of the outbreak it did experience. The Court recognizes Stone's fear of contracting Covid-19 is very real. However, the risk outside of the prison is currently greater than the risk inside. According to the BOP website, FMC Rochester has also begun the vaccination process which will aid the facility in controlling any future outbreaks.[4] Therefore, Stone has not shown

---

[1] CDC, People with Certain Medical Condition, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last visited February 9, 2021).
[2] *Id.*
[3] COVID-19, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited February 10, 2021).
[4] COVID-19, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited February 10, 2021).

any extraordinary and compelling reasons for his release. However, even if Stone did show extraordinary and compelling reasons, he would not be entitled to release under the 18 U.S.C. § 3553(a) Factors.

## C. 18 U.S.C. § 3553(a) Factors

Stone has a criminal history dating back to 1980. [DN 74 at 8]. Those convictions range from criminal mischief to multiple charges for trafficking controlled substances. [*Id.* at 8-16]. Prior to the conviction in this case, Stone had twenty-four criminal convictions resulting in a criminal history score of 27. [*Id.* at 16]. Further, Stone was on state imposed parole at the time he committed the offense in this case. [DN 31]. While incarcerated, Stone has had nine disciplinary incidents. The most recent was July 11, 2019. [DN 113-1 at PageID 449-451]. For these reasons, the Court finds Stone's release would not comport with the 18 U.S.C. § 3553(a) Sentencing Factors. Therefore, the Court must deny Stone's motion.

## IV. Conclusion

For the above stated reasons, **IT IS HEREBY ORDERED** that Stone's Motion for Compassionate Release [DN 109] is **DENIED**.

**IT IS SO ORDERED**.

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

March 3, 2021

cc: Lorandus Stone, Jr.
    115151-033
    Rochester Federal Medical Center
    Inmate Mail/Parcels
    P.O. Box 4000
    Rochester, MN 55903
    PRO SE