IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | |
| LORANDUS STONE, JR. ) | Case No. 5:08-cr-00017 (TBR) |
| ) | |
| ) | |
| ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Defendant Lorandus Stone, Jr.'s *pro se* Motion for Compassionate Release, (Mot. for Release), Dkt 116.  The Government has responded, (Resp.), Dkt. 119.  Stone has replied, (Reply), Dkt. 121.  As such, this matter is ripe for adjudication.  For the reasons stated herein, Stone's Motion for Compassionate Release, Dkt. 116, is **DENIED**.

**I.     FACTUAL BACKGROUND**

On July 15, 2009, Lorandus Stone, Jr. pleaded guilty to five crimes: (1) Conspiracy to Possess with Intent to Distribute Cocaine Base, a Schedule II Controlled Substance; (2) Aiding and Abetting Unlawful Distribution of Cocaine Base, a Schedule II controlled Substance; (3) Aiding and Abetting Unlawful Possession with Intent to Distribute a Mixture or Substance Containing a Detectable Amount of Cocaine, a Schedule II Controlled Substance; (4) Aiding and Abetting Unlawful Possession with Intent to Distribute a Mixture or Substance Containing a Detectable Amount of Heroin, a Schedule I Controlled Substance; and (5) Possession of a Firearm by a Convicted Felon.  *See* Mot. for Release at 1–2; Resp. at 2.

On December 14, 2009, Stone was sentenced to 210 months of imprisonment. *See* Mot. for Release at 2; *see also* Resp. at 2. Stone's projected release date is April 3, 2023. Resp. at 2. Stone now seeks compassionate release. *See* Mot. for Release at 1–7.

## II.     LEGAL STANDARD

"The court may not modify a term of imprisonment once it has been imposed except that- (1) in any case—

>  (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>>  (i) extraordinary and compelling reasons warrant such a reduction"

18 U.S.C.A. § 3582(c)(1)(A). "The First Step Act modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3852, such that district courts may entertain motions filed by incarcerated defendants seeking to reduce their sentences." *United States of America v. D-1 Duwane Hayes*, No. 16-20491, 2020 WL 7767946, at *1 (E.D. Mich. Dec. 30, 2020) (*citing United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020)). "Now, an imprisoned person may file a motion for compassionate release after (1) exhausting the BOP's administrative process; or (2) thirty days after the warden received the compassionate release request—whichever is earlier." *Jones*, 980 F.3d at 1105 (*citing* First Step Act of 2018, Pub. L. 115-391, Title VI, § 603(b), 132 Stat. 5194, 5239; 18 U.S.C. § 3582(c)(1)(A) (2020)).

In considering a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A), a district court shall engage in a "three-step inquiry." *United States v. Elias*, No. 20-3654, 2021

WL 50169, at *1 (6th Cir. Jan. 6, 2021) (*citing Jones*, 980 F.3d at 1101). First, "the court must 'find' that 'extraordinary and compelling reasons warrant a sentence reduction.' " *Id.* (*citing Jones*, 980 F.3d at 1101). Second, the court must "ensure 'that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.' " *Id.* (*citing Jones*, 980 F.3d at 1101). Although the Sentencing Commission's policy statement on reductions in terms of imprisonment under 18 U.S.C. § 3582(c)(1)(A) is recited at U.S.S.G. § 1B1.13, "the Commission has not updated § 1B1.13 since the First Step Act's passage in December 2018 . . . [and] the policy statement does not wholly survive the First Step Act's promulgation." *Jones*, 980 F.3d at 1109 (*citing* U.S.S.G. § 1B1.13 (U.S. Sent'g Comm'n 2018)).

Consequently, the Sixth Circuit in *Jones* decided that "[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act," U.S. Sentencing Guideline § 1B1.13 is no longer an "applicable" policy statement in cases where an incarcerated person, as opposed to the Director of the Bureau of Prisons, files his or her own compassionate release motion in district court. *Jones*, 980 F.3d at 1109. Accordingly, district courts "may skip step two of the § 3582(c)(1)(A) inquiry" and have "full discretion . . . to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.* at 1109, 1111. Thus, for now, district courts need not ensure that their ideas of extraordinary and compelling reasons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) are consistent with the Sentencing Commission's idea of extraordinary and compelling reasons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) as currently reflected at U.S.S.G. § 1B1.13.

Despite the Sixth Circuit's holding in *Jones*, this Court agrees with the United States District Court for the Eastern District of Kentucky in stating that "[w]hile the policy statement

found in U.S.S.G. § 1B.13 of the Sentencing Guidelines is not binding, it provides a useful starting point to determine whether extraordinary and compelling reasons exist." *United States v. Muncy*, No. 6: 07-090-DCR, 2020 WL 7774903, at *1 (E.D. Ky. Dec. 30, 2020). Congress provided no statutory definition of "extraordinary and compelling reasons" in section 3582(c)(1)(A). *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020). Instead, Congress directed the United States Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Adkins*, No. 5:18-058-DCR, 2020 WL 7755629, at *1 (E.D. Ky. Dec. 29, 2020) (*quoting* 28 U.S.C. § 994(t)). Those descriptions are found in § 1B1.13 of the United States Sentencing Guidelines (policy statement) and the application notes to that section.

This policy statement describes four categories of extraordinary and compelling reasons. The first three relate to an inmate's serious medical conditions, age, and status as a caregiver. U.S.S.G. § 1B1.13, cmt. n.1(A)–(C). Specific medical conditions of a defendant constituting extraordinary and compelling reasons for a reduction in terms of imprisonment may include "terminal illness," "a serious physical or medical condition," "a serious functional or cognitive impairment," or "deteriorating physical or mental health because of the aging process." *Id.* The application note to U.S.S.G. § 1B1.13 further provides that the age of a defendant may be a necessary and compelling reason for a reduction in terms of imprisonment when "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." *Id.* The last category is a catch-all provision titled "Other Reasons," which reads: "As determined by the Director of the Bureau of Prisons, there exists in

4

the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* § 1B1.13, cmt. n.1(D).

After considering whether extraordinary and compelling reasons warrant a sentence reduction and whether such a reduction is consistent with applicable policy statements issued by the Sentencing Commission, the district court proceeds to the third and final step of the analysis. If a sentence reduction is warranted under steps one and two, at step three, the court is to consider whether that reduction is defensible under the circumstances of the case by considering all relevant sentencing factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A); *Elias*, 2021 WL 50169, at *1 (*citing Jones*, 980 F.3d at 1101); *Jones*, 980 F.3d at 1108.

### III.   DISCUSSION

#### a. *Exhaustion of Administrative Remedies*

"Federal law has long authorized courts to reduce the sentences of federal prisoners facing extraordinary health conditions and other serious hardships, but only under very limited circumstances." *United States v. Beck*, –– F.Supp.3d. ––, No. 1:13-CR-186-6, 2019 WL 2716505, at *4 (M.D.N.C. June 28, 2019). Under the First Step Act, courts are now permitted to "consider motions by defendants for compassionate release without a motion" by the BOP Director "so long as the defendant has asked the Director to bring such a motion and the Director fails to or refuses." *United States v. Marshall*, No. 3:19-CR-00004-JHM, 2020 WL 114437, at *1 (W.D. Ky. Jan. 9, 2020).

On April 21, 2021 Stone submitted his request for compassionate release to his facility's Institutional Reduction in Sentence Coordinator. *See* Mot. for Release at 3. Approximately three weeks later, on May 13, 2021, the warden denied Stone's request. *See id.* The Government does not dispute that Stone satisfied the exhaustion requirement. *See* Resp. at 3

("Stone presented information that he has exhausted his administrative remedies."). Accordingly, the Court finds that Stone has properly exhausted his administrative remedies under the First Step Act.

### b. *Extraordinary and Compelling Reasons*

Stone attempts to demonstrate extraordinary and compelling reasons in two ways. First, Stone argues that the Covid-19 pandemic, coupled with his health conditions, has created extraordinary and compelling reasons that justify his compassionate release. Second, Stone claims extraordinary and compelling reasons exist because there was an invalid enhancement applied at his sentencing. The Court addresses each of these arguments below.

The Court first addresses Stone's claim regarding the Covid-19 Pandemic. Stone provides the Court with medical records confirming that he has hypertension, Ex. 1, Dkt. 116-1, at 7, and is obese, *id.* at 11. According to the Centers for Disease Control, both hypertension and obesity "can make you more likely" to get severely ill from Covid-19. *COVID-19: People with Certain Medical Conditions*, CENT. FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited September 17, 2021) (emphasis omitted).

Stone argues that he "has to face an undue risk of exposure" to Covid-19 in prison and that he "would be safer self-quarantining at his sister[']s home." Mot. for Release at 5. Although the Court is sympathetic to Stone's health concerns, it finds that his medical conditions have not established extraordinary and compelling reasons that justify his release. Stone's medical records indicate that Stone has received adequate care from doctors throughout the pandemic. *See* Ex.1; *see also United States v. Calloway*, 2021 WL 40270 *4 (W.D. Ky. Jan. 5, 2021) ("It appears that [the prisoner's] health conditions are being monitored and he is receiving

6

medical care as needed."); *United States v. Lake*, No. CR 5:16-076-DCR, 2019 WL 4143293, at *3 (E.D. Ky. Aug. 30, 2019) ("[The prisoner's] chronic conditions . . . do not substantially diminish his ability to provide self-care in the correctional facility."). Further, Stone's medical records show that he tested positive for Covid-19 on October 13, 2020. Mot. for Release at 18; *see also* Reply at 3. A prior positive Covid-19 test reduces Stone's medical concerns about remaining in prison. *See, e.g.*, *United States v. Davis*, No. 06-20020, 2020 WL 2395977, at *2 (C.D. Ill. May 12, 2020) (finding defendant's arguments regarding risk of contracting COVID-19 moot where he had already contracted the virus and is receiving healthcare in the facility). What's more, at FMC Rochester, where Stone is incarcerated, there are currently zero confirmed active Covid-19 cases among inmates and only one case among staff. *COVID-19 Cases*, FED. BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited September 17, 2021).

      For all of these reasons, Stone has not shown how the Covid-19 pandemic has created extraordinary and compelling reasons for his release.

      The Court next addresses Stone's claim regarding the invalid enhancement. Stone argues that the government applied an enhancement to an assault charge that did not qualify for an enhancement, making his sentence an extraordinary circumstance because "it is outside the realm of what is normal." Mot. for Release at 5. However, an argument that there was an error in applying a possible enhancement under 21 U.S.C. § 851 is not a proper basis for compassionate release. *See, e.g.*, *United States v. Rodriguez*, No. CR 11-251-01, 2021 WL 601510, at *7 (E.D. Pa. Feb. 16, 2021) ("An argument that a sentence was improperly calculated and unlawful must be raised on a habeas motion."); *United States v. Long*, No. 3:14-CR-0367-B-2, 2021 WL 949757, at *2 (N.D. Tex. Mar. 12, 2021) ("[A] motion for compassionate release is not the proper mechanism to challenge the validity of a federal sentence.").

Accordingly, Stone has not shown any extraordinary and compelling reasons for his release. However, even if Stone did show extraordinary and compelling reasons, he would not be entitled to release under the 18 U.S.C. § 3553(a) Factors.

### c. *18 U.S.C. § 3553(a) Factors*

Stone argues that the Court should grant him compassionate release because he "has served approximately 178 months of a 210[-]month sentence." Mot. for Release at 5. The Government responds by citing the serious nature and circumstances of Stone's crimes. Resp. at 6–7.

The Court agrees with the Government that, in light of the sentencing factors, compassionate release would be improper here.

> Stone has a criminal history dating back to 1980. Those convictions range from criminal mischief to multiple charges for trafficking controlled substances. Prior to the conviction in this case, Stone had twenty-four criminal convictions resulting in a criminal history score of 27. Further, Stone was on state imposed parole at the time he committed the offense in this case. While incarcerated, Stone has had nine disciplinary incidents. The most recent was July 11, 2019. For these reasons, the Court finds Stone's release would not comport with the 18 U.S.C. § 3553(a) Sentencing Factors.

*United States v. Stone*, No. 5:08-CR-00017-TBR-2, 2021 WL 852339, at *3 (W.D. Ky. Mar. 5, 2021) (citations omitted).

Therefore, the Court denies Stone's motion.

### IV.     CONCLUSION

For the reasons stated, **IT IS HEREBY ORDERED** that Defendant Lorandus Stone, Jr.'s Motion for Compassionate Release, Dkt. 116, is **DENIED**.

**IT IS SO ORDERED**

                                                                  **Thomas B. Russell, Senior Judge**
                                                                  **United States District Court**

                                                                       September 21, 2021

cc: Lorandus Stone, Jr.
11151-033
Rochester Federal Medical Center
Inmate Mail/Parcels
P.O. BOX 4000
Rochester, MN 55903
PRO SE